FILED
CLERK, U.S. DISTRICT COURT

5/4/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CD_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2022 Grand Jury

UNITED STATES OF AMERICA,

          Plaintiff,

          v.

MALLORY MARIE ARREDONDO,
   aka "Mallykatt Marie,"
   aka "missmallory1118,"
   aka "Malll Orrrayy,"
JOSEPH ANTHONY APODACA,
   aka "Goofy," and
TRAVIS FRANKLIN ESPINOZA,
   aka "Travis Espinosa,"

          Defendant.

CR  2:23-cr-00215-MEMF

I N D I C T M E N T

[18 U.S.C. § 371: Conspiracy; 18
U.S.C. § 922(a)(1)(A): Engaging in
the Business of Dealing Firearms
Without a License; 21 U.S.C.
§§ 841(a)(1), (b)(1)(A)(viii),
(b)(1)(B)(viii): Distribution of
Methamphetamine; 18 U.S.C.
§ 924(c)(1)(A)(i): Possession of a
Firearm in Furtherance of a Drug
Trafficking Crime; 18 U.S.C.
§§ 922(g)(1),(9): Prohibited
Person in Possession of Firearms
and Ammunition; 18 U.S.C.
§§ 981(a)(1)(C), 924, 21 U.S.C.
§ 853, 28 U.S.C. § 2461(c):
Criminal Forfeiture]

     The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

[DEFENDANTS ARREDONDO and APODACA]

A.   INTRODUCTORY ALLEGATION

     At times relevant to this Indictment, defendants MALLORY MARIE

ARREDONDO, also known as ("aka") "Mallykatt Marie," aka

"missmallory1118," aka "Malll Orrrayy," and JOSEPH ANTHONY APODACA,

aka "Goofy," did not have a federal firearms license issued by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and thus were not licensed to import, manufacture, or deal in firearms.

B.   OBJECT OF THE CONSPIRACY

Beginning on an unknown date, but no later than or about December 1, 2021, and continuing until on or about December 6, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendants ARREDONDO and APODACA conspired with others known and unknown to the Grand Jury to engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

C.   MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   Defendants ARREDONDO and APODACA would offer to sell and negotiate the sale of firearms and ammunition to customers in the Los Angeles area.

2.   Defendants ARREDONDO and APODACA would transport firearms to prearranged locations to sell the firearms and ammunition to customers.

3.   Defendant ARREDONDO would possess a firearm to protect defendant ARREDONDO and her co-conspirators while they sold firearms to customers.

D.   <u>OVERT ACTS</u>

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants ARREDONDO and APODACA committed various overt acts in Los Angeles County, within the Central District of California, including, but not limited to, the following:

**<u>December 3, 2021 Sale of Two Firearms</u>**

<u>Overt Act No. 1</u>:   On December 1, 2021, via text messages, defendant ARREDONDO sent a photograph depicting a Glock semiautomatic firearm and a Smith & Wesson firearm inserted with a high-capacity magazine to a person defendant ARREDONDO believed was a customer, but who was, in fact, a confidential informant working for the ATF (the "Confidential Informant").

<u>Overt Act No. 2</u>:   On December 1, 2021, via text messages to the Confidential Informant, defendant ARREDONDO offered to sell the Glock firearm to the Confidential Informant for $800 and the Smith & Wesson firearm for $700.

<u>Overt Act No. 3</u>:   On December 3, 2021, at an apartment in Long Beach, California (the "Long Beach Apartment"), defendant ARREDONDO met with a person defendant ARREDONDO believed was a customer, but was, in fact, an undercover agent working for the ATF (the "UC") and offered to sell a Smith & Wesson semiautomatic pistol with an extended magazine to the UC for $1,200.

<u>Overt Act No. 4</u>:   On December 3, 2021, at the Long Beach Apartment, defendant ARREDONDO, while carrying a firearm for protection, sold a Smith & Wesson, model SW40VE, .40 caliber semiautomatic pistol, bearing serial number DXX9261, with a high-

capacity magazine capable of holding 30 rounds of ammunition to the UC for $1,200.

Overt Act No. 5:    On December 3, 2021, at the Long Beach Apartment, defendants ARREDONDO and APODACA sold a 9mm caliber semiautomatic pistol with no serial number (commonly referred to as a "ghost gun"), with a high-capacity magazine capable of holding 18 rounds and loaded with one round of 9 x 19mm caliber ammunition to the UC for $800.

**December 7, 2021 Sale of Two Firearms**

Overt Act No. 6:    On December 3, 2021, via text messages to the Confidential Informant, defendant ARREDONDO sent photographs of firearms to the Confidential Informant and asked if his/her "boy" wanted them.

Overt Act No. 7:    On December 3, 2021, via text messages to the Confidential Informant, defendant ARREDONDO agreed to sell two firearms to the Confidential Informant for $2,600.

Overt Act No. 8:    On December 7, 2021, at the Long Beach Apartment, defendant ARREDONDO, while carrying a firearm for protection, sold the following two firearms to the UC in exchange for $2,950: a Taurus, Model PT1911, .45 caliber semiautomatic pistol, bearing serial number NZL5749 with a magazine; and a DPMS, Model A15, multi-caliber semiautomatic rifle, bearing serial number FFH093027 with a magazine.

Overt Act No. 9:    On December 7, 2021, at the Long Beach Apartment, defendant APODACA discussed selling additional firearms to the UC and Confidential Informant, stating that defendant APODACA would be receiving more firearms soon that he would be willing to sell.

**December 16, 2021 Sale of Two Firearms**

<u>Overt Act No. 10:</u>   On December 14, 2021, via text messages to the Confidential Informant, defendant ARREDONDO sent photographs of firearms and offered to sell two firearms to the Confidential informant for $2,400 on December 16, 2021.

<u>Overt Act No. 11:</u>   On December 16, 2021, at the Long Beach Apartment, defendant ARREDONDO offered to obtain "short rifles," firearms with extended clips, ghost guns, and "40s" for future sales.

<u>Overt Act No. 12:</u>   On December 16, 2021, at the Long Beach Apartment, defendant ARREDONDO negotiated and sold two semiautomatic, privately manufactured, ghost gun pistols, one with a high-capacity magazine and one with a standard magazine, and 28 rounds of 9mm ammunition to the UC for $2,000.

**January 5, 2022 Sale of Two Firearms**

<u>Overt Act No. 13:</u>   On December 16, 2021, via text messages to the Confidential Informant, defendant ARREDONDO sent a photograph of a firearm and two magazines to the Confidential Informant and texted, "40 and this 9 are both available."

<u>Overt Act No. 14:</u>   On December 18, 2021, via text messages to the Confidential Informant, defendant ARREDONDO sent photographs of semiautomatic firearms to the Confidential Informant and texted, "these two and that Taurus left if your [sic] interested in any of them."

<u>Overt Act No. 15:</u>   On December 18, 2021, via text messages to the Confidential Informant, defendant ARREDONDO sent photographs of a rifle to the Confidential Informant and texted, "2500" before lowering the price to $2,000 and representing that one of the rifles was fully automatic.

5

Overt Act No. 16:   On January 5, 2022, defendant ARREDONDO called the Confidential Informant and said she was not going to make it to the Long Beach Apartment but that a "buddy" of hers wearing a red jacket would meet them.

Overt Act No. 17:   On January 5, 2022, at the Long Beach Apartment, defendant APODACA met with the Confidential Informant and UC on behalf of defendant ARREDONDO and indicated he would be willing to sell additional firearms to them, stating "that's my thing I sell guns foo, you know?"

Overt Act No. 18:   On January 5, 2022, at the Long Beach Apartment, defendant APODACA, on behalf of defendant ARREDONDO, negotiated and sold an Aero Precision, Model M4E1, 5.56x45mm AR-style pistol, bearing serial number M4-0167589; a Zastava, Model MDL N-PAP M70, 7.62 x 39mm caliber AK47-style pistol, bearing serial number N-PAP014116 loaded with 10 rounds of 7.62 x 39mm caliber ammunition; and a Mossberg, Model 500, pump action firearm, bearing serial number V0016933, to the UC for $4,300.

**January 18, 2022 Sale of Two Firearms**

Overt Act No. 19:   On January 12, 2022, via text messages to the UC, defendant APODACA sent photographs of firearms, accessories, and ammunition to the UC and negotiated the sale of two firearms and a firearm accessory.

Overt Act No. 20:   On January 18, 2022, at the Long Beach Apartment, defendant APODACA negotiated and sold the following three firearms and ammunition to the UC for $6,000: a Ruger, Model SR40, .40 caliber semiautomatic pistol, bearing serial number 344-08482 with a magazine and one round of .40 caliber ammunition; a Taurus, Model 24/7 G2, .40 caliber semiautomatic pistol, bearing serial

number SHM87246, with a magazine and three rounds of .40 caliber ammunition; a Walther, Model MP UZI, .22 caliber UZI-type rifle, bearing serial number DR007421, with a magazine and 16 rounds of .22 caliber ammunition, and a box containing 27 rounds of .22 caliber ammunition.

Overt Act No. 21:   On January 20, 2022, via text messages to the UC, defendant APODACA sent photographs of multiple firearms to the UC.

**December 6, 2022 Sale of Two Firearms**

Overt Act No. 22:   On February 9, 2022, via text messages to the Confidential Informant, defendant ARREDONDO sent a photograph of a Sig Sauer 45 firearm to the Confidential Informant and stated that she had a "9" that was "fully auto" and asked if the UC would be interested in them.

Overt Act No. 23:   On December 2, 2022, via text messages containing coded language, defendant ARREDONDO texted the UC and offered a proposition where the UC would help defendant ARREDONDO source additional firearms in Arizona.

Overt Act No. 24:   On December 3, 2022, using a false name and identifying information, defendant ARREDONDO purchased a Glock, Model 38, .45 caliber semiautomatic pistol, bearing serial number LVS396; and a Taurus, Model G2C, 9mm caliber semiautomatic pistol, bearing serial number 1C149522, using a Cash App account belonging to her, from a firearms dealer in Phoenix, Arizona.

Overt Act No. 25:   On December 6, 2022, in an apartment in Woodland Hills, California (the "Woodland Hills apartment"), defendant ARREDONDO offered to sell two firearms to the UC.

<u>Overt Act No. 26:</u>   On December 6, 2022, at the Woodland Hills apartment, defendant ARREDONDO negotiated and sold a Glock, Model 38, .45 caliber semiautomatic pistol, bearing serial number LVS396; and a Taurus, Model G2C, 9mm caliber semiautomatic pistol, bearing serial number 1C149522 to the UC for $1,650.

COUNT TWO

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

[DEFENDANTA ARREDONDO AND APODACA]

Beginning on or before December 3, 2021, and continuing through on or about December 6, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendants MALLORY MARIE ARREDONDO, also known as ("aka") "Mallykatt Marie," aka "missmallory1118," aka "Malll Orrrayy," and JOSEPH ANTHONY APODACA, aka "Goofy," each aiding and abetting the other, not being licensed as importers, manufacturers, or dealers of firearms, willfully engaged in the business of dealing in firearms, specifically, the sale of the following firearms, on or about the following dates:

| DATE | DEFENDANT(S) | FIREARM(S) |
| --- | --- | --- |
| December 3, 2021 | ARREDONDO and APODACA | A Smith & Wesson, model SW40VE, .40 caliber semiautomatic pistol, bearing serial number DWX9261; and<br><br>A 9mm caliber semiautomatic pistol, bearing no serial number (commonly referred to as a "ghost gun"). |
| December 7, 2021 | ARREDONDO | A Taurus, Model PT1911, .45 caliber semiautomatic pistol, bearing serial number NZL5749; and<br><br>A DPMS Model A15, multi-caliber semiautomatic rifle, bearing serial number FFH093027. |
| December 16, 2021 | ARREDONDO | Two privately manufactured 9mm caliber pistol "ghost guns," bearing no serial number. |

| DATE | DEFENDANT(S) | FIREARM(S) |
|------|--------------|------------|
| January 5, 2022 | ARREDONDO and APODACA | An Aero Precision, Model M4E1, 5.56x45 mm AR-style pistol, bearing serial number M4-0167589;<br><br>A Zastava, Model MDL N-PAP M70, 7.62 x 39mm caliber AK47-style pistol, bearing serial number N-PAP014116; and<br><br>A Mossberg, Model 500, pump action firearm, bearing serial number V0016933. |
| January 18, 2022 | APODACA | A Ruger, Model SR40, .40 caliber semiautomatic pistol, bearing serial number 344-08482;<br><br>A Taurus, Model 24/7 G2, .40 caliber semiautomatic pistol, bearing serial number SHM87246; and<br><br>A Walther, Model MP UZI, .22 caliber UZI-type rifle, bearing serial number DR00741. |
| December 6, 2022 | ARREDONDO | A Glock, Model 38, .45 caliber semiautomatic pistol, bearing serial number LVS396; and<br><br>A Taurus, Model G2C, 9mm caliber semiautomatic pistol, bearing serial number 1C149552. |

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT ARREDONDO]

On or about December 3, 2021, in Los Angeles County, within the Central District of California, defendant MALLORY MARIE ARREDONDO, also known as ("aka") "Mallykatt Marie," aka "missmallory1118," aka "Malll Orrayy," knowingly and intentionally distributed at least five grams, that is, approximately 24.8 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT ARREDONDO]

On or about December 3, 2021, in Los Angeles County, within the Central District of California, defendant MALLORY MARIE ARREDONDO, also known as ("aka") "Mallykatt Marie," aka "missmallory1118," aka "Malll Orrayy," knowingly carried a firearm, namely, a black, semiautomatic pistol, during and in relation to, and possessed the firearm in furtherance of, a drug trafficking crime, namely, Distribution of Methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii), as charged in Count Three of this Indictment.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT ARREDONDO]

On or about December 7, 2021, in Los Angeles County, within the Central District of California, defendant MALLORY MARIE ARREDONDO, also known as ("aka") "Mallykatt Marie," aka "missmallory1118," aka "Malll Orrayy," knowingly and intentionally distributed at least five grams, that is, approximately 50.8 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT ARREDONDO]

On or about December 7, 2021, in Los Angeles County, within the Central District of California, defendant MALLORY MARIE ARREDONDO, also known as ("aka") "Mallykatt Marie," aka "missmallory1118," aka "Malll Orrayy," knowingly carried a firearm, namely, a black, semiautomatic pistol, during and in relation to, and possessed the firearm in furtherance of, a drug trafficking crime, namely, Distribution of Methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii), as charged in Count Five of this Indictment.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT ARREDONDO]

On or about December 16, 2021, in Los Angeles County, within the Central District of California, defendant MALLORY MARIE ARREDONDO, also known as ("aka") "Mallykatt Marie," aka "missmallory1118," aka "Malll Orrayy," knowingly and intentionally distributed at least five grams, that is, approximately 53.2 grams, of methamphetamine, a Schedule II controlled substance.

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT ARREDONDO]

On or about December 6, 2022, in Los Angeles County, within the Central District of California, defendant MALLORY MARIE ARREDONDO, also known as ("aka") "Mallykatt Marie," aka "missmallory1118," aka "Malll Orrayy," knowingly and intentionally distributed at least 50 grams, that is, approximately 108.9 grams, of methamphetamine, a Schedule II controlled substance.

1
2
3

                              COUNT NINE

                        [18 U.S.C. § 922(g)(1)]

                        [DEFENDANT APODACA]

4       On or about December 3, 2021, in Los Angeles County, within the
5  Central District of California, defendant JOSEPH ANTHONY APODACA,
6  also known as "Goofy," knowingly possessed ammunition, namely, one
7  round of Sellier & Bellot, 9 x 19mm caliber ammunition that was
8  contained inside a 9mm caliber semiautomatic pistol bearing no serial
9  number (commonly referred to as a "ghost gun"), in and affecting
10 interstate commerce.

11      Defendant APODACA possessed such ammunition knowing that he had
12 previously been convicted of at least one of the following felony
13 crimes, each punishable by a term of imprisonment exceeding one year:

14      1.   Felony Possession of a Controlled Substance, in violation
15 of California Health & Safety Code Section 11377(a), in the Superior
16 Court of the State of California, County of Los Angeles, Case Number
17 NA096134, on or about July 8, 2013;

18      2.   First-Degree Burglary, in violation of California Penal
19 Code Section 459, in the Superior Court of the State of California,
20 County of Los Angeles, Case Number NA098446, on or about May 9, 2014;

21      3.   Possession of a Controlled Substance While Carrying a
22 Firearm, in violation of California Health & Safety Code Section
23 11370.1, in the Superior Court of the State of California, County of
24 Los Angeles, Case Number NA102575, on or about January 14, 2016;

25      4.   Felon in Possession of a Firearm, in violation of
26 California Penal Code Section 29800(a)(1), in the Superior Court of
27 the State of California, County of Los Angeles, Case Number NA102575,
28 on or about January 14, 2016;

                                  17

5.    Felon in Possession of Ammunition, in violation of California Penal Code Section 30305(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number NA102575, on or about January 14, 2016;

6.    Bringing or Sending Controlled Substance or Paraphernalia into Penal Institution, in violation of California Penal Code Section 4573(a), in the Superior Court of the State of California, County of Los Angeles, Case Number NA108759, on or about April 9, 2018; and

7.    Felony Unlawful Taking or Driving of Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Los Angeles, Case Number NA117163, on or about September 13, 2021.

COUNT TEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT APODACA]

On or about January 5, 2022, in Los Angeles County, within the Central District of California, defendant JOSEPH ANTHONY APODACA, also known as "Goofy," knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

1.   An Aero Precision, Model M4E1, 5.56x45mm AR-style pistol, bearing serial number M4-0167589;

2.   A Zastava, Model MDL N-PAP M70, 7.62 x 39mm caliber AK47-style pistol, bearing serial number N-PAP014116;

3.   A Mossberg, Model 500, pump action firearm, bearing serial number V0016933; and

4.   10 rounds of Fiocchi, 7.62x39mm caliber ammunition.

Defendant APODACA possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Felony Possession of a Controlled Substance, in violation of California Health & Safety Code Section 11377(a), in the Superior Court of the State of California, County of Los Angeles, Case Number NA096134, on or about July 8, 2013;

2.   First-Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Los Angeles, Case Number NA098446, on or about May 9, 2014;

3.   Possession of a Controlled Substance While Carrying a Firearm, in violation of California Health & Safety Code Section

19

11370.1, in the Superior Court of the State of California, County of Los Angeles, Case Number NA102575, on or about January 14, 2016;

4. Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number NA102575, on or about January 14, 2016;

5. Felon in Possession of Ammunition, in violation of California Penal Code Section 30305(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number NA102575, on or about January 14, 2016;

6. Bringing or Sending Controlled Substance or Paraphernalia into Penal Institution, in violation of California Penal Code Section 4573(a), in the Superior Court of the State of California, County of Los Angeles, Case Number NA108759, on or about April 9, 2018; and

7. Felony Unlawful Taking or Driving of Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Los Angeles, Case Number NA117163, on or about September 13, 2021.

COUNT ELEVEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT APODACA]

On or about January 18, 2022, in Los Angeles County, within the Central District of California, defendant JOSEPH ANTHONY APODACA, also known as "Goofy," knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

1.    A Ruger, Model SR40, .40 caliber semiautomatic pistol, bearing serial number 344-08482;

2.    A Taurus, Model 24/7 G2, .40 caliber semiautomatic pistol, bearing serial number SHM87246;

3.    A Walther, Model MP UZI, .22 caliber UZI-type rifle, bearing serial number DR007421;

4.    One round of Winchester, .40 caliber ammunition;

5.    Three rounds of Federal Cartridge, .40 caliber ammunition;

6.    Eight rounds of Remington, .22 caliber ammunition

7.    Seven rounds of Winchester Super X, .22 caliber ammunition; and

8.    28 rounds of Cascade Cartridge, .22 caliber ammunition.

Defendant APODACA possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Felony Possession of a Controlled Substance, in violation of California Health & Safety Code Section 11377(a), in the Superior Court of the State of California, County of Los Angeles, Case Number NA096134, on or about July 8, 2013;

21

2.    First-Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Los Angeles, Case Number NA098446, on or about May 9, 2014;

3.    Possession of a Controlled Substance While Carrying a Firearm, in violation of California Health & Safety Code Section 11370.1, in the Superior Court of the State of California, County of Los Angeles, Case Number NA102575, on or about January 14, 2016;

4.    Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number NA102575, on or about January 14, 2016;

5.    Felon in Possession of Ammunition, in violation of California Penal Code Section 30305(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number NA102575, on or about January 14, 2016;

6.    Bringing or Sending Controlled Substance or Paraphernalia into Penal Institution, in violation of California Penal Code Section 4573(a), in the Superior Court of the State of California, County of Los Angeles, Case Number NA108759, on or about April 9, 2018; and

7.    Felony Unlawful Taking or Driving of Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Los Angeles, Case Number NA117163, on or about September 13, 2021.

1

COUNT TWELVE

2

[18 U.S.C. §§ 922(g)(1), (9)]

3

[DEFENDANT ESPINOZA]

4      On or about December 6, 2022, in Los Angeles County, within the

5  Central District of California, defendant TRAVIS FRANKLIN ESPINOZA,

6  also known as "Travis Espinosa," knowingly possessed firearms,

7  namely, a Glock, Model 38, .45 caliber semiautomatic pistol, bearing

8  serial number LVS396, and a Taurus, Model G2C, 9mm caliber

9  semiautomatic pistol, bearing serial number 1C149552, in and

10 affecting interstate and foreign commerce.

11     Defendant ESPINOZA possessed such firearms knowing that he had

12 previously been convicted of the following felony crimes punishable

13 by a term of imprisonment exceeding one year:

14     1.   Grand Theft, in violation of California Penal Code Section

15 484E(d), in the Superior Court for the State of California, County of

16 Los Angeles, Case Number GA090137, on or about July 19, 2013;

17     2.   Receiving Stolen Property, in violation of California Penal

18 Code Section 496(a), in the Superior Court for the State of

19 California, County of Los Angeles, Case Number GA090137, on or about

20 July 19, 2013;

21     3.   Owning or Operating a Chop Shop, in violation of California

22 Vehicle Code Section 10801, in the Superior Court for the State of

23 California, County of Los Angeles, Case Number GA093471, on or about

24 November 10, 2014;

25     4.   Felon in Possession of a Firearm, in violation of

26 California Penal Code Section 29800(a)(1), in the Superior Court for

27 the State of California, County of Los Angeles, Case Number GA097104,

28 on or about September 28, 2015;

23

5.    Felony Unlawful Taking or Driving of Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Los Angeles, Case Number BA446882, on or about May 26, 2016;

6.    Receiving Stolen Property, in violation of California Penal Code Section 496(a), in the Superior Court for the State of California, County of Los Angeles, Case Number BA446882, on or about May 26, 2016;

7.    Grand Theft, in violation of California Penal Code Section 484E(d), in the Superior Court for the State of California, County of Los Angeles, Case Number GA098197, on or about July 5, 2016;

8.    Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number BA467243, on or about April 19, 2018;

9.    Grand Theft, in violation of California Penal Code Section 487(a), in the Superior Court for the State of California, County of Los Angeles, Case Number GA105262, on or about March 12, 2019;

10.   Possession of a Controlled Substance While Armed with a Firearm, in violation of California Health & Safety Code Section 113701.1, in the Superior Court for the State of California, County of Los Angeles, Case Number KA125915, on or about February 25, 2021;

11.   Unauthorized Use of Personal Identifying Information, in violation of California Penal Code Section 530.5(a), in the Superior Court for the State of California, County of Los Angeles, Case Number KA125591, on or about February 25, 2021;

12.   Felony Unlawful Taking or Driving of Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court

for the State of California, County of Los Angeles, Case Number KA124708, on or about March 8, 2021; and

13. Evading a Police Officer, in violation of California Vehicle Code Section 2800.2, in the Superior Court of the State of California, County of Los Angeles, Case Number KA124708, on or about March 8, 2021.

Additionally, defendant ESPINOZA possessed such firearms knowing that he had previously been convicted of a misdemeanor crime of domestic violence, namely, Simple Battery Against Spouse, Cohabitant, or Fellow Parent, in violation of California Penal Code Section 243(e)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number OAH02617, on or about June 4, 2010.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in Counts Three, Five, Seven, or Eight of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1  FORFEITURE ALLEGATION TWO

2  [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3  1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 18,

6  United States Code, Section 924(d)(1), and Title 28, United States

7  Code, Section 2461(c), in the event of any defendant's conviction of

8  the offenses set forth in any of Counts One, Two, Four, Six, or Nine

9  through Twelve of this Indictment.

10  2.  Any defendant so convicted shall forfeit to the United

11  States of America the following:

12  (a)  All right, title, and interest in any firearm or

13  ammunition involved in or used in any such offense; and

14  (b)  To the extent such property is not available for

15  forfeiture, a sum of money equal to the total value of the property

16  described in subparagraph (a).

17  3.  Pursuant to Title 21, United States Code, Section 853(p),

18  as incorporated by Title 28, United States Code, Section 2461(c), the

19  convicted defendant shall forfeit substitute property, up to the

20  value of the property described in the preceding paragraph if, as the

21  result of any act or omission of said defendant, the property

22  described in the preceding paragraph or any portion thereof (a)

23  cannot be located upon the exercise of due diligence; (b) has been

24  transferred, sold to, or deposited with a third party; (c) has been

25  placed beyond the jurisdiction of the court; (d) has been

26  ///

27  ///

28

28

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes
Section

KYLE W. KAHAN
Assistant United States Attorney
General Crimes Section